Argued and submitted July 10, discharged from custody July 16, 1985

## ALBERT VERNIE COOPER,
*Plaintiff,*

*v.*

## BURKS,
*Defendant.*

(SC S31927)

702 P2d 1107

Jay W. Frank, Eugene, argued the cause for plaintiff. With him on the Writ was Moule & Frank, Eugene.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for defendant. With him on the return was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem. Jim Hunt, Deputy District Attorney, Eugene, also argued the cause and filed an affidavit in opposition.

CARSON, J.

## CARSON, J.

On July 3, 1985, plaintiff, an inmate in the Lane County jail, filed a habeas corpus petition in this court pursuant to Article VII (Amended), section 2, of the Oregon Constitution. Plaintiff is in the custody of defendant, the Lane County Sheriff. This court ordered that the writ issue; pursuant thereto, defendant filed his return. At a hearing on July 10, 1985, this court inquired into the circumstances of plaintiff's imprisonment. ORS 34.580. Plaintiff seeks relief contending (1) that the security amount set for his release is excessive; and (2) that a condition of the security release violates his rights under ORS 135.230 to 135.290 and Article I, section 16, of the Oregon Constitution.

In recent months, plaintiff, because of his alleged possession, delivery and manufacture of controlled substances, has had substantial involvement in the criminal justice system in Oregon. However, the direct issue in this case involves the release of plaintiff under an indictment charging him with three Class B felonies relating to controlled substances. Following indictment, plaintiff was arrested pursuant to a warrant which established a security amount at $250,000. Plaintiff immediately filed a motion with the circuit court to release plaintiff on his own recognizance, by conditional release or by security release in a substantially reduced amount. On July 2, 1985, a hearing was held on plaintiff's motion. After the hearing, the circuit court entered an order setting the security amount at $100,000 and adding a provision "that if 10% of that sum is deposited on behalf of or by Defendant [plaintiff herein], he shall not thereupon be entitled to release but instead a hearing will be held as to the source of that $10,000 sum."

### SECURITY AMOUNT

■ By statute, the circuit court was required to impose "the least onerous condition reasonably likely to assure the person's later appearance." ORS 135.245(3). By legislative mandate, the ascending degrees of onerous conditions begin with release upon personal recognizance, move to conditional release, and, finally, end with a security release. ORS 135.245. The record in this case clearly supports the magistrate's determination that the security release alternative was appropriate. ORS 135.265 directs the magistrate to set "a security

amount that will reasonably assure the defendant's appearance." We conclude, in the circumstances of this case, that the circuit court acted within its authority in setting the security amount at $100,000. *Cf. Liberman v. Burks,* 293 Or 457, 650 P2d 83 (1982).

## CONDITION ON SECURITY DEPOSIT

■ Once the magistrate determined that a security amount in the sum of $100,000 was an appropriate amount reasonably to assure plaintiff's appearance at trial, plaintiff was entitled to release upon the execution of a release agreement and deposit with the clerk of the court a sum of money equal to 10 percent of the security amount. ORS 135.265(2). The question then becomes, did the circuit court have authority to impose a "source hearing" condition upon plaintiff's security release after the deposit of $10,000? We conclude that the circuit court was without such authority.

At argument, the sheriff defended the circuit court's order on two grounds: first, that no final release decision had been made and the court was entitled to examine the release criteria found in ORS 135.230, including an inquiry into the source of the money to be used for security deposit; and, second, that the mandated "source hearing" was a reasonable condition of release pursuant to ORS 135.265 and 135.250(1)(d).

*1.   Release Decision.*

The facts of this case and ORS 135.245(2), which statute mandates a release decision within 48 hours of arraignment, clearly suggest that the circuit court had, in fact, made a release decision. We reject the sheriff's claim on this point.

*2.   Condition of Release.*

We previously have held that a circuit court may impose conditions in a security release agreement which, under the facts and circumstances of the particular case, are reasonably necessary to assure the criminal defendant's appearance at trial. *Sexson v. Merten,* 291 Or 441, 448, 631 P2d 1367 (1981). Whatever may be the trial court's authority in setting the security amount to inquire into the source of potential funds for the security deposit, we do not believe that

the statutes permit a further condition on the security deposit requiring a defendant to disclose the source of the funds used for the deposit.

The sheriff relies upon federal authority, primarily *United States v. Nebbia,* 357 F2d 303 (2d Cir 1966), for the proposition that the trial court may examine the source of proposed funds to be deposited to gain the defendant's release from jail. In *Nebbia,* the court commented that

"* * * [earlier federal] cases indicate that the mere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other factors which might bear on the question of the adequacy of the bail and stress the importance placed upon the ability of the surety to produce the defendant." 357 F2d at 304.

The court held that the district court had the discretionary authority to hold a hearing to determine the adequacy of the bail tendered in behalf of the defendant. *Nebbia,* 357 F2d at 305. Since *Nebbia* was decided, the federal bail system has been reformed substantially and now specifically gives the magistrate authority to conduct a source hearing (18 USCA § 3142 (g)(4) (1985)) to post with the court "such indicia of ownership of the property or such percentage of the money as the judicial officer may specify" (18 USCA § 3142 (c)(2)(K) (1985)).

In Oregon, the legislature has not specifically extended source hearing authority to the magistrate for cash deposits. The legislature has given the magistrate authority to "examine the sufficiency of the security" when property other than cash has been deposited. ORS 135.265(3). We also are mindful of the specific legislative direction that the release decision is to "be liberally construed to carry out the purpose of relying upon criminal sanctions instead of financial loss to assure the appearance of the defendant." ORS 135.245(6). There simply is no authority for a magistrate to conduct a source hearing such as was ordered here following a defendant's compliance with ORS 135.265(2).

## CONCLUSION

In the circumstances of this case, we conclude that the trial court did not have authority to impose a "source hearing" condition upon plaintiff's release following the

deposit of a sum of money equal to 10 percent of the security amount. That part of the circuit court order requiring a "source hearing" following deposit of 10 percent of the security amount is stricken. Plaintiff is to be discharged from custody upon his compliance with the circuit court order as modified herein.